[Civ. No. 701.  Third Appellate District.—August 8, 1911.]

EDWARD RIDGELY, Trustee, Respondent, v. ABBOTT QUICKSILVER MINING COMPANY, a Corporation, et al., Defendants; MATTHEW WILSON and THOMAS H. FOX, Appellants.

FORECLOSURE OF MORTGAGE—REMOVAL OF RECEIVER—APPOINTMENT OF ANOTHER AFTER JUDGMENT—INSUFFICIENT SHOWING.—Where the trial court removed a receiver, appointed before judgment, in an action for foreclosure of a mortgage, and appointed another receiver after the judgment of foreclosure, without any showing which justified such appointment, and without any testimony opposed to the inference that the parties who were directly interested in the preservation of the property were capable and willing to do everything that should be done, the order of removal will be affirmed, and the last order of appointment will be reversed.

ID.—APPOINTMENT OF RECEIVER MUST APPEAR NECESSARY.—A party to an action should not, against his will, be subjected to the onerous expense of a receiver, unless one may be lawfully appointed, and his appointment is obviously necessary to the protection of the opposite party. Where it does not sufficiently appear that the last appointment of another receiver after the final judgment of foreclosure was necessary to protect anyone's interest in the property, the order making such appointment cannot be permitted to stand.

APPEAL from an order of the Superior Court of Lake County removing a receiver, and appointing another receiver after judgment. Geo. H. Buck, Judge presiding.

The facts are stated in the opinion of the court.

H. B. Churchill, J. W. Cochran, and R. P. Henshall, for Appellants.

C. M. Crawford, and H. V. Keeling, for Respondent.

BURNETT, J.—The appeal is from an order of the superior court of Lake county removing one Matthew T. Wilson from the office of receiver in the above-entitled cause and appointing in his place one Euvelle Howard.

Respondent has presented no argument, either orally or by brief. This may be for the reason that appellants' con-

tention was deemed unanswerable, or probably respondent did not feel inclined to incur any additional expense, since, according to the evidence, the property is merely of nominal value. This court should have been apprised, however, by respondent of his attitude or been afforded the advantage of his views upon the questions herein involved. On account of his remissness he would have no cause for complaint if the order were reversed without any examination of the record. We have, however, considered with some care the points made by appellants.

It seems that, on March 27, 1903, the plaintiff brought suit to foreclose upon certain bonds, secured by a mortgage upon the real property involved herein. On the same day one Riley A. Boggess, was, *ex parte*, appointed a receiver of the property. On October 2, 1903, a final decree of foreclosure was entered, at which time Boggess was in possession as receiver, and he so continued in possession until he was removed on December 7, 1908, on the petition of one of the appellants herein. On the removal of Boggess, the said Matthew T. Wilson was appointed receiver. On July 27, 1909, on the petition of Boggess, the court made the order removing Wilson and appointing Howard to the position.

From an examination of the record, we are convinced that the court was justified in removing both Boggess and Wilson. The only question is whether it should have made another appointment. In this connection it may be said that no suggestion is made impeaching in any manner the character or competency of Howard, but it is contended by appellants that the court was without authority to make another appointment, for the reason that the judgment was "outlawed at the time the order was made" and "no showing whatever was made that would justify the appointment of a receiver." We consider it necessary to notice only the second ground specified by appellants. The only evidence tending to support the claim that there should be a receiver for the property is found in the testimony of H. V. Keeling, a well and favorably known attorney of Lake county. His testimony, however, is essentially the expression of his opinion as to the propriety of such an appointment rather than the recital of facts that would justify the order. He said, indeed, that "There is still remaining certain personal property at the

Abbott mine consisting of wood and some mining machinery, the exact character and value of which are unknown to me at this time, which requires the care and attention of a receiver.'' He also testified that he, as attorney for Boggess, had entered into certain negotiations with two gentlemen named Winters and Garner, purchasers of the mine at the tax sale, for the purchase of their interest, and they had expressed themselves as willing to make satisfactory arrangements with Mr. Boggess when he should come from the east. There is nothing in his testimony, however, opposed to the inference that the parties who were directly interested in the preservation of the property were capable and willing to do everything that the witness opined should be done. It was said, in *De Leonis* v. *Walsh*, 148 Cal. 255, [82 Pac. 1048], that, ''of course, a party to an action should not against his will be subjected to the onerous expense of a receiver, unless when one may be lawfully appointed and his appointment is obviously necessary to the protection of the opposite party.''

Without further discussion, we conclude that it does not sufficiently appear that it was necessary to appoint another receiver in order to protect anyone's interest in the property. The order of removal of Matthew T. Wilson as receiver is affirmed. The order appointing Euvelle Howard receiver is reversed.

Chipman, P. J., and Hart, J., concurred.